**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.R. and E.R.**

**No. 24-64** (Monongalia County 23-JA-61 and 23-JA-62)

**MEMORANDUM DECISION**

Petitioner Father D.R.[1] appeals the Circuit Court of Monongalia County's January 8, 2024, order terminating his parental rights to J.R. and E.R.,[2] arguing that the circuit court erred by failing to grant visitation during his improvement period and terminating his parental rights rather than implementing a less restrictive dispositional alternative. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2023, the DHS filed a petition alleging that the petitioner abused illicit substances and had a history of domestic violence, stalking, and harassment charges, with the children's nonabusing mother being the victim. The petitioner and the mother were no longer in a relationship at the time the petition was filed, and the two shared custody of the children. Although the petitioner denied drug use, he tested positive for methamphetamine and amphetamine. Attached to the petition were copies of threatening text messages that the petitioner sent to the mother and J.R. When the DHS spoke with the mother, she described the domestic violence she endured at the hands of the petitioner and the children's resulting behavioral issues. The mother stated that she moved several times to escape the petitioner, "but he always shows back up." Therefore, the petition alleged that the petitioner abused and neglected the children due to his substance abuse and emotional abuse. The petitioner stipulated to these allegations at an adjudicatory hearing held in April 2023, at which time the court adjudicated him of abusing and neglecting the children.

---

[1] The petitioner appears by counsel A. Tyler Reseter. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Counsel Teresa J. Lyons appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The petitioner then moved the circuit court for a post-adjudicatory improvement period, which the court granted in June 2023 considering proffer of counsel that the petitioner was entering substance abuse treatment. The agreed terms of the petitioner's improvement period included participation in drug screening, substance abuse treatment, parenting and adult life skills services, and multidisciplinary team meetings. The court further ordered no contact between the petitioner and the children unless it occurred in a therapeutic setting. Thereafter, the DHS moved to revoke the petitioner's improvement period based on the petitioner's failure to comply with the terms. The circuit court held a hearing on the motion in July 2023, at which time counsel proffered that the petitioner had completed a seven-day detoxification program the month prior but had since not participated in drug screening or other services. The petitioner personally addressed the court, claiming that he did not have a drug problem and informally requesting visits with the children. He stated that "when [the children] are around me, they're just in heaven" and he would be willing to participate in the proceedings if granted visits. The guardian did not recommend visits, considering the children's ongoing behavioral issues and continued need for therapy. The court denied the motion to revoke the petitioner's improvement period but advised the petitioner that "you can't see your kids or talk to them . . . if you're doing drugs." The petitioner tested positive for methamphetamine immediately following this hearing.

The petitioner failed to appear for a review hearing held in October 2023, during which the DHS advised that the petitioner still had not participated in services and completed only one drug screen in September 2023 that was positive for methamphetamine. Therefore, the circuit court proceeded to a final dispositional hearing in November 2023. The petitioner was once again not present despite his counsel noting his awareness of the hearing. A DHS worker testified to the petitioner's noncompliance, indicating that other than completing the seven-day detoxification program, he had not participated in any services and continued to test positive for methamphetamine on the few occasions he appeared for drug screens. The DHS worker conceded that the children wanted contact with the petitioner; however, she did not believe contact would be appropriate based on the emotional abuse they endured and their resulting behavioral issues that prompted therapeutic treatment. The DHS worker further discussed the petitioner's social media posts which she described as "a form of an electronic diary," where he expressed his frustration with the proceedings and insisted that "he has done nothing wrong." The petitioner's social media posts were entered into evidence. At the conclusion of the evidence, counsel for the petitioner requested that the court grant a dispositional alternative in accordance with West Virginia Code § 49-4-604(c)(5). However, the court denied the request, stating that "I am concerned about his thinking that a disposition five will allow him free contact and continued contact." Based on the evidence, the court found that the petitioner would be unable to remedy the issues that led to the filing of the petition in the near future and that termination was necessary for the welfare of the children. The court terminated the petitioner's parental rights and denied any post-termination contact. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred

---

[3] The permanency plan for the children is to remain in the care of their nonabusing mother.

by failing to grant visitation during his improvement period. In support of this argument, the petitioner relies on Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, which provides that "[i]f at any time the court orders a child removed from the custody of his or her parent(s) . . . the court may make such provision for reasonable visitation . . . or other communication as is consistent with the child's well-being and best interests." However, in contemplating the children's best interests, the court considered the guardian's recommendation to deny visits based on the children's continued behavioral issues that resulted from the petitioner's emotional abuse. Moreover, the court specifically advised the petitioner to produce negative drug screens prior to any visitation, yet the petitioner failed to consistently appear for drug screens and tested positive for methamphetamine on several occasions. *See In re S.C.*, 248 W. Va. 628, 635, 889 S.E.2d 710, 717 (2023) (explaining that "where the best interest of the child drives our decisions, we must be convinced that a parent considers his child's well-being over drug abuse"). Therefore, the petitioner is entitled to no relief.[4]

The petitioner further argues that the circuit court erred in terminating his parental rights rather than granting disposition in accordance with West Virginia Code § 49-4-604(c)(5). The petitioner's argument ignores our holding that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristen Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Here, the court had ample evidence to support its finding that the petitioner would be unable to remedy the issues that led to the filing of the petition in the near future. Not only did the petitioner fail to appear for the dispositional hearing, but he failed to participate in any services other than occasional drug screens, which were positive for illicit substances. Moreover, the petitioner continued to deny his substance abuse issues or take responsibility for the issues that gave rise to the petition. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of a problem . . . results in making the problem untreatable. . . .") (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). The petitioner cites our decision in *In re B.S.*, 242 W. Va. 123, 829 S.E.2d 754 (2019), for the proposition that disposition under West Virginia Code § 49-4-604(c)(5) is appropriate when it would not delay permanency. The petitioner argues that here, termination of his parental rights was not necessary because the children's permanency was achieved with their nonabusing mother. However, we find *In re B.S.* to be distinguishable. The parent in that case "did well for a period of eight months," and the circuit court believed "she has it in her maybe someday to do well again." *Id.* at 128, 829 S.E.2d at 759. The circuit court here did not echo that same sentiment; rather, the court specifically considered the dispositional alternatives and found that the petitioner would be unable to remedy the issues in this case and expressed concerns for the petitioner seeking continued contact with the children. Moreover, we have previously determined that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). We, therefore, see no error in this regard. The court further

---

[4] The petitioner further asserts error in the circuit court's denial of his request for visitation, citing West Virginia Code § 48-9-102. However, the petitioner's reliance on this statutory provision is misplaced, as it applies to child custody determinations regarding fit parents in family court and is not relevant to visitation considerations in child abuse and neglect proceedings.

found termination to be necessary for the children's welfare and, upon our review of the record, we can discern no error in the court's conclusion that termination was appropriate. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child").

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 8, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 6, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn